**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4887 |

June 14, 2010

**LETTER ORDER ON MOTION TO SEAL**

Re:  **Barbara Houston v. Whitney Houston**
     **Civil Action No. 08-5530 (PGS)**

Dear Counsel:

The undersigned is in receipt of Defendant's Motion to Seal: (1) the transcript of Defendant's deposition; (2) Defendant's Motion for Summary Judgment; and (3) the Certification of Bryan Blaney in support of the present Motion to Seal (Docket Entry Nos. 32 & 33). Defendant also seeks to redact portions of subsequent pleadings that reference the deposition transcript. For the reasons set forth below, the Motion is hereby **denied without prejudice.**

Local Civil Rule 5.3 "govern[s] any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court." L. Civ. R. 5.3(a)(1). Before restricting public access to judicial documents, the court must look at:

> (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

L. Civ. R. 5.3(c)(2). Rule 5.3 contains a presumption, based on First Amendment considerations and the common law right of access to judicial records, *see Nixon v. Warner Communications*, 435 U.S. 589 (1978), that materials filed with the Court and judicial proceedings are open to the public. *See* Lite, N.J. Federal Practice Rules, Comment 4 to L.Civ.R. 5.3 (Gann 2010). The Third Circuit has also recognized that the First Amendment, independent of the common law, protects the public right of access to records of civil proceedings. *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984). *But see In re Cendant Corp.*, 260 F.3d 183, 198 n.13 (3d Cir. 2001) (noting that parameters of First Amendment right of access are as of yet undefined). Significantly, the right of access to judicial records is not absolute. *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*,

998 F.2d 157, 165 (3d Cir. 1993); *Joint Stock Soc'y v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 395-96 (D. Del. 2000).

The presumption of access is subject to a balancing of factors that militate against access, e.g., the interest in secrecy. *Leucadia*, 998 F.2d at 166. It is the burden of the party seeking to overcome the presumption of access to demonstrate the need to keep the materials under seal. *See, e.g.*, *Leucadia*, 998 F.2d at 165-66 (citing *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991)); *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986). Specifically, that party must demonstrate that the material contains the type of information that courts will protect and that there is good cause for continued application of an existing order. *Publicker*, 733 F.2d at 1070-71 (citing *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 890 (E.D. Pa. 1981)). Good cause is established if there is a showing that disclosure will result in a clearly defined and serious injury to the party seeking to overcome the presumption of access. *Id.* at 1071.

Defendant is seeking to seal Defendant's deposition transcript and various documents (presently existing or filed hereafter) referring to her deposition transcript. Defendant, however, has failed to adequately address "why a less restrictive alternative to the relief sought is not available." Defendant merely states that the deposition transcript contains information "regarding her personal life and . . . some details of her deceased father's life." Defendant does not explain why Defendant's privacy needs could not be equally well served by sealing more narrowly tailored portions of the transcript and motion papers. This showing does not meet the standards set forth in Local Civil Rule 5.3(c).

For the above reasons, Defendant is hereby directed to meet and confer with Plaintiff and file a renewed Motion to Seal that complies with Local Civil Rule 5.3(c).

The Clerk of the Court is directed to terminate the Motion to Seal, Docket Nos. 32 & 33.

**SO ORDERED**.

*s/ Esther Salas*
**Esther Salas**
**UNITED STATES MAGISTRATE JUDGE**